UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY FRANCIS FISHER, A.K.A. SONNY BARGER, II, A.K.A. GARY DALE BARGER, | No. 2:20-cv-0847 DB P |
| Plaintiff, | ORDER |
| v. | |
| GRAHAM, | |
| Defendant. | |

Plaintiff is a former state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff alleges prison officials failed to protect him from an attack by another inmate. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2) and his complaint for screening (ECF No. 1). For the reasons set forth below, the court will grant the motion to proceed in forma pauperis and dismiss the complaint with leave to amend.

**IN FORMA PAUPERIS**

Typically, in order to commence a civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, all parties must pay a filing fee of $400. See 28 U.S.C. § 1914(a). However, an action may proceed despite a plaintiff's failure to prepay the filing fee if he or she is granted leave to proceed in forma pauperis (IFP) pursuant to 28 U.S.C. § 1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

The court notes that plaintiff has been denied in forma pauperis status because court records reveal that on at least three occasions lawsuits filed by plaintiff have been dismissed because they were found to have been frivolous or malicious or failed to state a claim upon which relief could have been granted. See Fisher v. California, No. 2:18-cv-2819 TLN DB P (E.D. Cal.). However, because plaintiff has been released from custody he can no longer be considered a "prisoner" as defined by the Prison Litigation Reform Act (PLRA), and is thus, no longer subject to 28 U.S.C. § 1915(b), 42 U.S.C. § 1997e(a)'s pre-suit administrative exhaustion requirements, or 28 U.S.C. § 1915(g)'s "three-strikes" provision. See Jackson v. Fong, 870 F.3d 928, 936 (9th Cir. 2017) (former inmate incarcerated when he filed civil rights action but released by the time he filed an amended complaint was not subject to the PLRA's exhaustion requirement); Moore v. Maricopa Cty. Sheriff's Office, 657 F.3d 890, 892 (9th Cir. 2011) (noting that § 1915(g)'s three strikes rule does not apply to a civil action or appeal filed after former prisoner was released on parole).

Because plaintiff appears to have been released, and is therefore no longer a "prisoner" as defined by the PLRA at the commencement of this action; neither the filing fee provisions of 28 U.S.C. § 1915(b), nor § 1915(g)'s "three strikes" bar apply to this case. See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005) ("[T]he scope of § 1915 is narrowed to plaintiffs who are in custody as the result of a conviction or who have been detained for an alleged criminal law violation . . . ."), as amended; Moore, 657 F.3d at 892. Accordingly, after review of the affidavit listing plaintiff's assets, the court finds that it is sufficient to show that he is unable to pay the fees or post securities required to maintain this action. Therefore, his motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) will be granted.

## SCREENING

### I.     Legal Standards

Because plaintiff is proceeding IFP, his complaint is subject to sua sponte review, and mandatory dismissal, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." See 28 U.S.C. § 1915(e)(2)(B); Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015) (pursuant to 28 U.S.C. §

1915(e)(2) "the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted" (emphasis omitted) (quoting 28 U.S.C. § 1915(e)(2)); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff has not indicated where the events giving rise to the claim took place. However, it appears they occurred while he was incarcerated at California State Prison, Sacramento (CSP-SAC). Plaintiff has named as defendants in this action: (1) the California Department of Corrections and Rehabilitation (CDCR); (2) inmate Scott Nicolaus Graham; (3) former CSP-SAC warden David Baughman; (4) and current CDCR secretary Ralph Diaz. (ECF No. 1 at 1, 3.)

Plaintiff alleges that on November 27, 2013, he was physically assaulted by, a fellow inmate. (Id. at 3.) As a result, he sustained a traumatic brain injury, hemiparesis, and suffers from post-traumatic stress disorder. He further claims that the California Department of Corrections and Rehabilitation (CDCR) knew that Graham had a propensity for violence and a history of assaultive behavior. He states, CDCR, Baughman, and Diaz "failed to develop and maintain a means to protect a mentally fragile inmate from violent/predatory inmates." Plaintiff seeks to have defendants pay for all his future medical expenses.

**III.    Failure to State a Claim**

    **A.  Failure to Protect**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Farmer v. Brennan, 511 U.S. 825, 832-33 (1994).

Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners."  Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing Farmer, 511 U.S. at 832-33; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005)).  To establish a violation of this duty, a prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate."  Labatad, 714 F.3d at 1160 (citing Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)).

A failure to protect claim under the Eighth Amendment requires a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety."  Farmer, 511 U.S. at 837.  "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious."  Id. at 842 (citations omitted).  The duty to protect a prisoner from serious harm requires that prison officials take reasonable measures to guarantee the safety and well-being of the prisoner.  Id. at 832-33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," plaintiff must allege facts showing the defendant acted with a "sufficiently culpable state of mind."  Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotations marks, emphasis, and citations omitted).

Plaintiff has alleged that he was attacked by a fellow inmate and that CDCR was aware of that inmate's propensity for violence.  (ECF No. 1 at 3.)  An allegation that plaintiff was placed in

a situation where prison officials were aware that he faced a serious risk of harm by another inmate could state a cognizable claim. However, plaintiff fails to allege facts indicating which specific defendants were aware of Graham's history of violence and then put plaintiff into a situation where he could be harmed by Graham. Additionally, in any amended complaint plaintiff should include the factual background surrounding the assault.

### B. Inmate is not a Proper Defendant

"To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or law of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of State law." Long v. County of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48 (1988)); accord Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988) ("To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes." (citations omitted)).

Plaintiff has identified a fellow inmate as a defendant in this action. However, he may not pursue a claim against a fellow inmate because an inmate is not a state actor for purposes of § 1983. See Calihan v. King, No. 1:17-cv-0530 LJO SKO PC, 2017 WL 4699839 at *2 (E.D. Cal. Oct. 18, 2017). Plaintiff should not identify inmate Graham as a defendant in any amended complaint in this § 1983 action.

### C. Supervisory Liability

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

To allege a defendant instituted a prison policy that harmed him, plaintiff must: (1) identify that policy with specificity, (2) show that the defendant was directly responsible for it, (3) show that the defendant knew the policy could cause plaintiff harm, and (4) show how the policy caused him harm. See Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011). To allege a defendant failed to train, plaintiff must show: (1) that the defendant was responsible for that training, (2) just what the defendant did or did not do, (3) that the defendant knew his actions could cause plaintiff harm, and (4) that the actions did cause plaintiff harm. See Edgerly v. City & Cnty. of S.F., 599 F.3d 946, 962 (9th Cir. 2010) (dismissing supervisory liability claim when no facts "suggest [Sheriff] provided any training to Officers...., or that he was responsible for providing formal training to any officers.").

Plaintiff has named the current CDCR secretary and former CSP-SAC warden as defendants in this action. As supervisors, these defendants cannot be held responsible for the actions of employees. Rather, plaintiff must show that these defendants were specifically involved or that they were responsible for a specific policy that caused plaintiff's harm. While the allegations state that they failed to ensure his safety from an inmate with a history of violence, they are not specific enough to state a cognizable claim. In any amended complaint, plaintiff must identify the policy, allege the named defendants were responsible for it, that they knew it was likely to cause plaintiff harm, and connect the policy to his injury.

### D. Eleventh Amendment

"The Eleventh Amendment bars suit against a state or its agencies, regardless of the relief sought, unless the state unequivocally consents to a waiver of its immunity." Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir. 1999) (citing Pennhurst v. Halderman, 465 U.S. 89, 100 (1984)). CDCR is a state agency and is therefore immune from federal suit under the Eleventh Amendment. Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam). Accordingly, CDCR is not a proper defendant in this action.

### IV. Amending the Complaint

As set forth above, the complaint fails to state a claim. However, plaintiff will be given the opportunity to file an amended complaint.

1    Plaintiff is advised that in an amended complaint he must clearly identify each defendant
2    and the action that defendant took that violated his constitutional rights.  The court is not required
3    to review exhibits to determine what plaintiff's charging allegations are as to each named
4    defendant.  Each claim must be included in the body of the complaint.  The charging allegations
5    must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff
6    is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.
7    Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

8    Any amended complaint must show the federal court has jurisdiction, the action is brought
9    in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must
10   contain a request for particular relief.  Plaintiff must identify as a defendant only persons who
11   personally participated in a substantial way in depriving plaintiff of a federal constitutional right.
12   Johnson, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if
13   he does an act, participates in another's act or omits to perform an act he is legally required to do
14   that causes the alleged deprivation).

15   In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.
16   R. Civ. P 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.
17   R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or
18   occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

19   The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d
20   1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any
21   heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.
22   84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be
23   set forth in short and plain terms, simply, concisely, and directly.  See Swierkiewicz v. Sorema
24   N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,
25   which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

26   Plaintiff is informed that the court cannot refer to a prior pleading in order to make his
27   amended complaint complete.  An amended complaint must be complete in itself without
28   reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all

8

prior pleadings are superseded.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.
3. Within thirty days of the date of this order plaintiff shall file an amended compliant that complies with the requirements of this order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."
4. Plaintiff is advised that failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  October 1, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/fish0847.scrn